UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Marilynn Phillips
2673 Oswald Drive
Hampstead, Maryland 21074

    Plaintiff,

vs.                                           CASE NO.

GAREY ENTERPRISES, LLC
3637 Millers Station Road
Manchester, Maryland

and

LE PRIV'E SALON
1005 South Main Street
Hampstead, Maryland 21074

    Defendants

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### Jurisdiction and Venue

1. This is an action for declaratory and injunctive relief, under the Americans With Disabilities Act of 1990, 42 U.S.C. §12101 et. seq. (the "ADA"), which prohibits discrimination against persons with disabilities with regard to their full enjoyment of and access to places of public accommodations.

2. The Court has jurisdiction to entertain this action under 28 U.S.C. §§1331 and 1343, as a case arising under a federal civil rights law.

3. Venue is proper under 28 U.S.C. § 1391(b) and applicable Local Rules, in that all material events occurred within the Court's assigned geographical area.

## Parties

4. Plaintiff, Marilynn Phillips ("Phillips"), is an adult resident of Maryland, and an individual with a disability substantially limiting a major life activity, covered by the ADA, in that she has post-polio, and uses a wheelchair for mobility.

5. Defendant, Garey Enterprises, LLC. ("Garey"), a Maryland limited liability company authorized to do business in this state and the owner of 1005 South Main Street, Hampstead, Maryland, wherein a hair salon known as Le Priv'e Salon, is located. ("Beauty Shop").

6. Defendant, Le Priv'e Salon, LLC., is the operator of the Beauty Shop, located at 1005 South Main Street, Hampstead, Maryland.

## The Beauty Shop is a Public Accommodation

7. The Beauty Shop is a place of public accommodation under Title III of the ADA, as defined by 42 U.S.C. §12181(7)(F).

## ADA Prohibition of Discrimination by Public Accommodations

8. Title III of the ADA, specifically 42 U.S.C. §§12182, prohibits discrimination against any individual on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person or business entity that owns, leases (or leases to) or operates a place of public accommodation, including a failure to make appropriate modifications in policies, practices or procedures, and/or to remove architectural barriers that are structural in nature, in existing facilities, where such removal is readily achievable.

### Architectural Barriers to Access

9. There are architectural barriers at the Beauty Shop, which include but are not limited to the following:

    a) The Beauty Shop lacks an accessible entrance in that there is a 6" step outside the entrance door and no other means of entry into the Beauty Shop is provided.;

    b) Upon information and belief, there is no accessible toilet room provided.

10. By failing to remove existing architectural barriers, defendants, collectively, have discriminated against persons with disabilities, specifically those with mobility impairments, by denying them full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the Beauty Shop, in violation of Title III of the ADA, specifically 42 U.S.C. §12182 (a).

### Failure to Remove Barriers and/or Modify Policies: Unlawful Discrimination

11. Defendants have failed to remove the above mentioned architectural barriers at the Beauty Shop and to make reasonable modifications in its policies, practices and procedures to afford full and equal access and enjoyment of the Beauty Shop by persons with disabilities covered by Title III of the ADA, in violation §42 U.S.C. 12182(b)(2)(A).

### Standing

12. In or about the latter part of August, plaintiff attempted to gain entry into the Beauty Shop, but was unable to due to the presence of the architectural barriers set forth above, and therefore suffered an injury in fact in that her full and equal enjoyment of the Beauty Shop was denied and curtailed by the presence of the architectural barriers set forth above.

13. Shortly after her visit and attempt to gain access into the Beauty Shop, in late August of 2008, plaintiff spoke with both defendants on the telephone, and wrote a letter to

them, requesting that they address her concerns and remove the barriers to access she encountered. As of this date, defendants have not done so.

14. Phillips intends to visit the Beauty Shop again upon the removal of the architectural barriers.

WHEREFORE, Phillips demands judgment against defendants, and requests:

    A.    That the Court declare that the place of public accommodation at issue in this case, to wit, Le Priv'e Salon, located at 1005 South Main Street, Hampstead, Maryland, owned by Garey and operated by Le Priv'e, is not readily accessible to Phillips in violation of the ADA;

    B.    That the Court enter an order directing defendants to alter and renovate the Beauty Shop, to make it readily accessible to and usable by individuals with disabilities to the full extent required by the ADA;

    C.    That the Court enter an order directing defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete the alterations and renovations at the Beauty Shop;

    D.    That the Court award reasonable attorneys' fees, litigation costs (including expert fees) and other expenses of suit, to Phillips; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully submitted,

/s/ Joel R. Zuckerman
Joel Zuckerman
Federal Bar No. 12730
Maxwell & Barke LLC
51 Monroe Street, Suite 806
Rockville, MD 20850
Telephone: (301) 309-8300
Facsimile: (301) 309-8303
*Attorneys for the plaintiff*